UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WAYNETTA PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:22-cv-00299 |
| v. | ) | Judge Trauger |
| | ) | |
| WAYNE HALFWAY HOUSE, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Waynetta Patterson filed a complaint under Title VII of the Civil Rights Act of 1964 against Wayne Halfway House, LLC, and several employees and related entities. (Doc. No. 1.) The plaintiff also submitted a second amended in forma pauperis application. (Doc. No. 10.) Therein, the plaintiff sufficiently indicates that she cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the second amended application (Doc. No. 10) is **GRANTED**. 28 U.S.C. § 1915(a).

As a threshold matter, the plaintiff must meet basic pleading requirements and comply with the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff has not yet satisfied Federal Rule of Civil Procedure 8, which directs that a complaint must contain (1) a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(1), and factual allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Here, the complaint is supported by a rambling, stream-of-consciousness document that lists innumerable occurrences at the plaintiff's

place of employment, many of which do not appear to implicate the plaintiff's discrimination claims. In short, the plaintiff's allegations are insufficiently simple, concise, and direct.

Mindful of the plaintiff's pro se status, the court will allow an opportunity to address this concern. The plaintiff **MUST** submit an amended complaint that includes simple, concise, and direct factual allegations sufficient to demonstrate a plausible right to right to relief that rises above the speculative level. The plaintiff should avoid irrelevant or conclusory statements and focus on providing, in an organized and understandable manner, the "who, what, where, when, why, and how" of the events giving rise to her claims against the defendants. The court **MUST** receive Plaintiff's submission within **30 DAYS** of the date this order appears on the docket.[1] Failure to respond or request an extension by the deadline may result in dismissal of the complaint. Fed. R. Civ. P. 41(b). The Clerk **SHALL** mail the plaintiff a blank complaint for employment discrimination (Pro Se 7).

Finally, the plaintiff has filed a motion "to keep documents sealed from the public." (Doc. No. 7.) "The public has a strong interest in obtaining the information contained in the court record[,]" and there is "a 'strong presumption'" that court records be open. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration omitted) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179-80 (6th Cir. 1983)). This presumption of openness rests on the idea that, among other things, "the public is entitled to assess for itself the merits of judicial decisions" and has a strong interest in viewing the evidence and arguments on which courts base those decisions. *Id*. Thus, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id*. (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The party seeking to seal all or part of a record "must 'analyze in detail, document

---

[1] The court's new address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203. For more information, visit the court's website. *See* www.tnmd.uscourts.gov.

2

Case 3:22-cv-00299   Document 11   Filed 08/03/22   Page 2 of 3 PageID #: 133

by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

Here, the plaintiff requests that the court seal "ALL of the documents submitted to the U.S. District Court . . . through all processes" except "review for the decision of my request." (Doc. No. 7 at 1 (emphasis in original)). The plaintiff, however, does not offer "compelling reasons" – or any specific reason at all – for sealing the record. Nor does the plaintiff analyze, in detail and document by document, the propriety of secrecy. For these reasons, the motion to seal (Doc. No. 7) is **DENIED WITHOUT PREJUDICE**. If appropriate, the plaintiff may renew the motion in compliance with Local Rule 5.03(a).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge